GRANTZ *v.* STATE OF INDIANA.

[No. 30,845. Filed November 14, 1967. Rehearing denied January 29, 1968.]

*Louis S. Feinn,* of Chicago, Illinois, for petitioner.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for respondent.

LEWIS, J.—Joseph Lynn Grantz was convicted of Murder in the First Degree and sentenced to life in 1955. In 1965 he filed an application for a writ of certiorari to this Court to appeal his conviction.

The primary contention raised was that the defendant's attorney entered a plea of guilty in Court without Grantz's consent or knowledge.

In the Attorney General's amended brief, which was written because certain facts came to light after writing a response, it is set forth that a transcript was duly made of the trial and Grantz was informed of such transcript. Grantz complained of the lack of a transcript in his petition as another grounds for appeal—obviously now irrelevent.

The transcript relates that Grantz and his attorney were both in the court room when the attorney entered a plea of guilty. The judge interrogated Grantz as to his desires, his understanding of circumstances, and Grantz manifested his approval—a knowing approval—as shown by the following exerpt from the transcript:

> "Defendant now by attorney enters his plea of 'Guilty'
>
> "JUDGE: Mr. Grantz you are the defendant and did you hear the plea that your attorney entered for you just now?
>
> "MR. GRANTZ (defendant): I did.
>
> "JUDGE: And is that plealalso [sic] your personal plea?
>
> "MR. GRANTZ: It is.
>
> "JUDGE: That plea was 'Guilty'—did you mean that?

"MR. GRANTZ: Yes sir.

"JUDGE: And that is your Personal plea?"

In any admission or waiver, competence of the party is relevant. Grantz, from all matters shown here, was uneducated; however, it would seem even the most uneducated would know the meaning of guilty or not guilty. There was no evidence as to Grantz's mental incapacity.

From the transcript it appears he knowingly entered a plea of guilty and was competent to do so. The trial judge overruled his motion for new trial. This is within his discretion, and there seems to be no "clear abuse" of such discretion.

That Grantz committed the murder is not in dispute.

Petition for writ of certiorari is denied.

Hunter, C. J., and Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 756.